UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

AMRIT JUDD,

                           Plaintiff,

          -against-

CHINA SOUTHERN AIRLINES COMPANY
LIMITED,

                         Defendants.
------------------------------------------------------------------x

**Docket No. 1:17-cv-09092-AKH**

**PLAINTIFF'S FIRST AMENDED COMPLAINT & JURY TRIAL DEMAND**

Plaintiff, AMRIT JUDD, by her attorneys, KREINDLER & KREINDLER LLP, as and for her Complaint against Defendant, CHINA SOUTHERN AIRLINES COMPANY LIMITED, (hereinafter "CHINA SOUTHERN"), alleges the following upon information and belief:

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

2.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Sec. 1391, insofar as Defendant, CHINA SOUTHERN, has a principal executive office and transacts business within this judicial district at 10 Rockefeller Plaza, Suite 723, New York, New York 10020.

3.     At all times herein relevant, Plaintiff, AMRIT JUDD, was and is a resident of the State of Utah.

4.     At all times herein relevant, Defendant, CHINA SOUTHERN, was and is a foreign corporation authorized to do business in the State of New York.

5.     At all times herein relevant, Defendant, CHINA SOUTHERN, was and is a

common carrier engaged in the business of transporting passengers for hire by air.

6. At all times herein relevant, Defendant, CHINA SOUTHERN, employed a flight crew responsible for the safe and secure operation of its flights as well as the safety and well being of its passengers.

7. At all times herein relevant, Defendant, CHINA SOUTHERN, was responsible for the training, management, supervision, and/or control of its flight crew, including but not limited to the crew's adherence to standard safety policies and protocol.

8. At all times herein relevant, Defendant, CHINA SOUTHERN, employed a ground crew responsible for the safe and secure operation of its ground-based airport functions as well as the safety and well being of its passengers.

9. At all times herein relevant, Defendant, CHINA SOUTHERN, was responsible for the training, management, supervision, and/or control of its ground crew, including but not limited to the crew's adherence to standard safety policies and protocol.

10. At all times herein relevant, Defendant, CHINA SOUTHERN, employed additional employees, agents and/or servants responsible for the general safety and well being of its passengers.

11. At all times herein relevant, Defendant, CHINA SOUTHERN, was responsible for the training, management, supervision, and/or control of its additional employees, agents and/or servants, including but not limited to adherence to standard safety policies and protocol.

12. On December 23, 2015, Plaintiff, AMRIT JUDD, booked a round-trip flight itinerary on the website of CheapOair (www.cheapoair.com), an online travel agency headquartered and doing business in the State of New York.

13. Upon information and belief, CheapOair maintains a physical presence in the State of New York through its parent company, Fareportal Inc., located at 135 West 50th Street, 5th Floor, New York, New York 10020.

14. Upon information and belief, CheapOair sells tickets to its customers as an agent of numerous air carriers, including Defendant, CHINA SOUTHERN.

15. Upon information and belief, CheapOair does not act as principal seller, but makes arrangements with air carriers, including Defendant, CHINA SOUTHERN, to sell tickets for air transportation.

16. On December 23, 2015, Plaintiff's round-trip itinerary involved a trip from Salt Lake City, Utah (SLC) to New Delhi, India (DEL), with connecting flights from Salt Lake City, Utah (SLC) to San Francisco, California (SFO), San Francisco, California (SFO) to Guangzhou, China (CAN), and Guangzhou, China (CAN) to New Delhi, India (DEL).

17. On December 23, 2015, Plaintiff's flights from San Francisco, California (SFO) to Guangzhou, China (CAN) and Guangzhou, China (CAN) to New Delhi, India (DEL) were scheduled to be operated on December 25, 2017, by Defendant, CHINA SOUTHERN.

18. By virtue of the foregoing, upon booking the aforesaid round-trip itinerary through New York-based CheapOair, Plaintiff, AMRIT JUDD, entered into a contract of carriage with Defendant, CHINA SOUTHERN.

19. Upon information and belief, upon booking her itinerary through New York-based CheapOair, Plaintiff, AMRIT JUDD, entered into a contract of carriage with Defendant, CHINA SOUTHERN, in the State of New York.

20. Upon information and belief, at the time of booking, Plaintiff, AMRIT JUDD, requested that Defendant, CHINA SOUTHERN, provide her with wheelchair assistance for the duration of her travel with Defendant, including during all airport layovers.

21. On December 25, 2015, Defendant, CHINA SOUTHERN, operated and controlled a certain jet aircraft, designated as China Southern Flight 658, from San Francisco, California (SFO) to Guangzhou, China (CAN).

22. On December 25, 2015, China Southern Flight 658 was conducted on an aircraft owned, leased, staffed, or otherwise controlled by the Defendant, CHINA SOUTHERN.

23. On December 25, 2015, Plaintiff, AMRIT JUDD, was a fare-paying passenger lawfully ticketed to travel aboard China Southern Flight 658.

24. On December 25, 2015, Defendant, CHINA SOUTHERN, operated and controlled a certain jet aircraft, designated as China Southern Flight 359, from Guangzhou, China (CAN) to New Delhi, India (DEL).

25. On December 25, 2015, China Southern Flight 359 was conducted on an aircraft owned, leased, staffed, or otherwise controlled by the Defendant, CHINA SOUTHERN.

26. On December 25, 2015, Plaintiff, AMRIT JUDD, was a fare-paying passenger lawfully ticketed to travel aboard China Southern Flight 359.

27. On December 25, 2015, while in the process of transferring between China Southern Flight 658 and China Southern Flight 359 in Guangzhou, China, Plaintiff, AMRIT JUDD, was injured as the result of an accident.

28. Specifically, upon landing in Guangzhou, Plaintiff was informed by Defendant's agents, employees and/or servants that despite her request for wheelchair assistance, no wheelchairs were available to transport Plaintiff to her connecting gate.

29. In lieu of wheelchair transport, Plaintiff was accompanied and assisted to her boarding gate by an employee, agent and/or servant of Defendant, CHINA SOUTHERN.

30. As Defendant's employee, agent and/or servant guided Plaintiff down the jet bridge and toward the entrance of China Southern Flight 359, Defendant's employee, agent and/or servant suddenly released his grip on Plaintiff, causing her to collapse to the ground and become injured.

31. Plaintiff's injuries resulted from an accident pursuant to Article 17 of the Montreal Convention, insofar as her injuries were caused by an unexpected or unusual event or occurrence external to the Plaintiff, and not by Plaintiff's internal reaction to the normal operation of the aircraft.

32. As a result of the aforesaid accident, Plaintiff, AMRIT JUDD, was injured.

33. As a result of the aforesaid accident, Plaintiff, AMRIT JUDD, was seriously injured.

34. As a result of the aforesaid accident, Plaintiff, AMRIT JUDD, was permanently injured.

35. As a result of the aforesaid accident, Plaintiff, AMRIT JUDD, suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

36. As a result of the aforesaid accident, Plaintiff, AMRIT JUDD, suffered great economic loss and in the future shall continue to suffer from same.

37. As a result of the aforesaid accident, Plaintiff, AMRIT JUDD, was forced to expend great sums of money on medical treatment and in the future shall continue to expend sums of money on same.

38. As a result of the aforesaid accident, Plaintiff, AMRIT JUDD, was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

39. As a result of the foregoing, Defendant, CHINA SOUTHERN, is liable to pay full, fair and reasonable damages to Plaintiff, AMRIT JUDD, pursuant to the Montreal Convention.

40. Defendant, CHINA SOUTHERN, cannot meet its burden of proving that its negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff, AMRIT JUDD.

41. Defendant cannot meet its burden of proving that the injuries suffered by Plaintiff, AMRIT JUDD, were caused solely by the acts of third parties.

WHEREFORE, Plaintiff, AMRIT JUDD, hereby demands judgment against Defendant, CHINA SOUTHERN AIRLINES COMPANY LIMITED, in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: December 7, 2017
      New York, New York

KREINDLER & KREINDLER LLP

_____
Erin R. Applebaum (ERA9785)
*Attorneys for Plaintiff*
420 Lexington Avenue, Suite 2140
New York, New York 10170
Tel. (646) 292-7348